James E. Ledbetter, Esq.
State Bar No. 012788
Mark A. Hanson, Esq.
State Bar No. 024922
**THE LEDBETTER LAW FIRM, P.L.C.**
1003 North Main Street
Cottonwood, Arizona 86326
court@ledbetterlawaz.com
(928) 649-8777
(928) 649-8778 Facsimile

Attorneys for Plaintiff Thomas Baizel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| THOMAS BAIZEL,<br><br>                Plaintiff,<br><br>   vs.<br><br>TOWN OF CAMP VERDE, a municipal corporation; COREY L. RAWLEY in his official capacity as Camp Verde Town Marshal; STEPHEN BUTLER in his official capacity as Professional Standards Lieutenant of the Camp Verde Marshal's Office,<br><br>                Defendants. | Case No.CV-22-08058-PCT+SPL<br><br>**RESPONSE TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>(Oral Argument Requested)<br><br>The Honorable Steven P. Logan |

Plaintiff THOMAS BAIZEL, through counsel, hereby responds in opposition to Defendants' Motion to Dismiss his First Amended Complaint. Contrary to Defendants' motion, Sgt. Baizel's First Amended Complaint not only adequately states claims against Defendants, Sgt. Baizel also provides affidavits and declarations from former officers of the Camp Verde Marshal's Office, supporting his claims. For the reasons set forth below, the Court should deny Defendants' Motion to Dismiss and require Defendants to answer the First Amended Complaint.

Response to Motion to Dismiss           1

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.    **SERGEANT BAIZEL'S FIRST AMENDED COMPLAINT CONTAINS OVER 70 PARAGRAPHS OF FACTUAL ALLEGATIONS AND INCLUDES SUPPORTING AFFIDAVITS FORMER CVMO OFFICERS**

This case arises out of Defendants' violations of federal and Arizona law, and the resulting injuries to Sgt. Thomas Baizel.  Citing *Twombly*, Defendants assert that the First Amended Complaint ("FAC") is merely formulaic and does not give them "fair notice of what the… claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007).  Not so.  The FAC includes over seventy paragraphs of factual allegations in its background section alone.  The FAC goes above and beyond mere allegations by including five affidavits and declarations from former CVMO officers, supporting Sgt. Baizel's claims and detailing their knowledge of CVMO's policies and actions.  These affidavits and declarations make Sgt. Baizel's claim more than "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

**Factual Background**.  Sgt. Baizel's FAC is appropriately detailed. After asserting jurisdiction and venue, Sgt. Baizel's First Amended Complaint ("FAC") begins with an eight (8) paragraph factual summary of his claim.  [Doc 9, ¶¶ 4-11]  The FAC also provides ten (10) paragraphs on the parties, including the roles and responsibilities of Town Marshal Corey Rowley and CVMO Professional Standards Lt. Stephen Butler. [Doc 9, ¶¶ 12-20]. The FAC then provides seventy-two (72) paragraphs of factual allegations supporting Sgt. Baizel's claims against Defendants.  [Doc 9, ¶¶ 23-95].

Response to Motion to Dismiss                              2

**Legal Claims**.  Only after ninety-five (95) paragraphs of supporting factual and jurisdictional allegations does the FAC assert the following claims:

*Count One*: 42 U.S.C. § 1983 Violation of Federal Constitutional Rights, including the Fifth Amendment, the due process clause of the Fourteenth Amendment, and failure to provide Sgt. Baizel with his *Garrity* rights. [Doc 9, ¶¶ 96-108].  Count One makes claim for nominal damages, and for such additional and supplemental relief as would be just and equitable. [Doc 9, ¶¶ 107, 108].

*Count Two*: For violations of Arizona Constitution and Peace Officer's Bill of Rights, including Sgt. Baizel's right to due process under Arizona Constitution Article 2, Section 4, his right against self-incrimination under Article 2, Section 10, and his rights to a Notice of Investigation (NOI) and requirement that any disciplinary action be supported by just cause as required by § A.R.S. 38-1103(A) and A.R.S. § 38-1101(7)(a).  [Doc 9, ¶¶ 109-120]

*Count Three*:  Wage Law Violations under the Fair Labor Standards Act (29 U.S.C. § 207, *et seq*.) and Arizona wage statutes (A.R.S. §§ 23-391, 392), including a claim that the Town of Camp Verde's wage and overtime policies and acts were illegal and/or void under federal and Arizona law, including A.R.S. § 23-1303.  [Doc 9, ¶¶ 121-125].

*Count Four*:  Libel and Slander, for statements and publications about Sgt. Baizel, including defamatory statements made outside of CVMO, that impeached Sgt. Baizel's honesty, integrity, and reputation.  [Doc 9, ¶¶ 126-132] This count seeks both presumed damages and actual damages.  [Doc 9, ¶¶ 133-34]

***Count Five***:   Violation of 42 U.S.C. 1983 for Unconstitutional and Unlawful Policies and Customs, Negligent Hiring, and Failure to Train.  Count Five specifically alleges that Marshal Rowley and CVMO negligently hired and failed to train CVMO Professional Standards Lieutenant Stephen Butler, and that Defendants acted with deliberate indifference to Sgt. Baizel's rights.  [Doc 9, ¶¶ 135-147].

Each one of these counts refers to factual allegations set forth earlier in the FAC.

**Supporting Affidavits from CVMO Officers**. Critically, Sgt. Baizel's FAC goes beyond mere allegations, and provides evidentiary support for his claims.  Specifically, the FAC includes five (5) affidavits and declarations from former officers and deputies within CVMO.  These include:

- The Affidavit and Supplemental Affidavit of Sgt. Brandon Collins, who served with CVMO from 2006 to 2020 [Doc 9, Ex. A, B];

- The Affidavit of Sgt. Laura León, who served with CVMO for over a decade (Doc 9, Ex. C)

- The Declaration[1] of Sgt. Steve McClure, who left CVMO in 2021 after more than a decade of service [Doc 9, Ex. D]; and

- The Affidavit of Deputy Paul Rotzler, who served as a CVMO patrol deputy from 2014 to 2020. [Doc 9, Ex. E].

The affidavits and declarations attached to the FAC are incorporated into the FAC and are part of the FAC for all purposes.  *See* Fed.R.Civ.P. 10(c) ("A statement in a

---

[1] The Declaration is permitted under 28 U.S.C. § 1746.

Response to Motion to Dismiss                    4

The Ledbetter Law Firm, P.L.C.
1003 North Main Street
Cottonwood, Arizona 86326

pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). [Doc 9, ¶¶ 7, 73, 117, 136]

Each affidavit supports Sgt. Baizel's claims and details that officer's knowledge of CVMO's policies and actions. Each of these witness affidavits and declarations includes over twenty (20) paragraphs setting forth facts supporting Sgt. Baizel's claims. [Doc 9, Ex. A-E]. Thus, the legal claims in the FAC are supported by a total of more than a hundred facts from four separate witnesses, all of whom were CVMO officers or deputies. Under Rule 10(c), these allegations are a part of the pleading for all purposes.

Sgt. Baizel's First Amended Complaint adequately states its claims, and is supported by affidavits and declarations from four CVMO officers and deputies, all of whom corroborate Sgt. Baizel's claims.

## II.     COUNTS ONE AND FIVE ALLEGE FACTS IMPLICATING MUNICIPAL LIABILITY

Defendants' attacks on Sgt. Baizel's Section 1983 claims ignore the allegations of the FAC. Municipal liability under Section 1983 extends under three situations, two of which are implicated here. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Specifically, the Town of Camp Verde may be held liable under Section 1983 because: (1) the violation was committed or ratified by an official with final policymaking authority; and/or (2)

Response to Motion to Dismiss                          5

For example, the FAC alleges not only that Corey Rowley was the duly-appointed Town Marshal, but that as Town Marshal, Rowley had ultimate authority to establish policy, practices, customs, and training for CVMO, and that

> Defendant COREY L ROWLEY is the duly-appointed Town Marshal and head of CVMO, with ultimate authority and responsibility to establish policy, practices, customs, procedures, protocols, and training for CVMO as an official policymaker. [Doc 9, ¶ 16]

The FAC also provides that Marshal Rowley "initiated, took part in, and approved the internal investigation against Sgt. Baizel." [Doc 9, ¶¶ 103, 111]. The FAC goes on to detail the specific constitutional provisions Rowley either took part in violating or approved. [Doc 9, ¶¶ 103, 106-108].

Likewise, on March 8, 2021, Marshal Rowley reviewed Lt. Butler's Internal Affairs report and wrote: "It is my determination that this gross misconduct warrants the suggestion of action from IA investigations Lt. for dismissal as an employee of the Camp Verde Marshal's Office." *See* Marshal Rowley Letter dated March 8, 2021, attached as Exhibit "1".

Here, the allegations and the facts indicate that Marshal Rowley both participated in the deprivation of Sgt. Baizel's rights, and ratified the actions depriving Sgt. Baizel of those rights. Likewise, the FAC alleges that Marshal Rowley negligently hired and failed to adequately train Lt. Butler, and that the failure led to the deprivation of Sgt. Baizel's constitutional rights. [Doc 9, ¶¶ 135-147].

Contrary to Defendants' Motion to Dismiss, a complaint need not show a pattern of similar incidents to establish Section 1983 liability. *City of Canton v. Harris*, 489 U.S.

Response to Motion to Dismiss                6

The Ledbetter Law Firm, P.L.C.
1003 North Main Street
Cottonwood, Arizona 86326

378, 109 S.Ct. 1197 (1989) (city's failure to provide adequate training allows inference of institutional culpability, even in the absence of a similar prior constitutional violation). *See also J.K.J. v. Polk County,* 960 F.3d 367 (7th Cir. 2020) (recognizing that Section 1983 claim may be made even in the absence of similar prior constitutional violations).

Similarly, federal courts have recognized that the protection of procedural due process is available where the plaintiff "establishes the existence of a recognized property or liberty interest." *Davis v. Olin*, 886 F.Supp.804 (D.Kan.1995), *citing Southeast Kansas Comm. Action Program, Inc. v. Lyng,* 758 F.Supp.1430, 1432 (D.Kan.1991), *aff'd* 967 F.2d 1452 (10th Cir. 1992). "[T]he concept of liberty recognizes two particular interests of a public employee: 1) the protection of his good name, reputation, honor, and integrity, and 2) his freedom to take advantage of other employment opportunities.'" *Derstein v. State of Kan*., 915 F.2d 1410, 1414 (10th Cir.1990) (*quoting Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir.1988)), *cert. denied*, 499 U.S. 937, 111 S.Ct. 1391, 113 L.Ed.2d 447 (1991). Here, the FAC specifically alleges Sgt. Baizel's interest in protecting his good name and reputation. [Doc 9 ¶¶ 4, 11, 130, 132, 134]. Moreover, the FAC also specifically alleges Sgt. Baizel's interest in his freedom to take advantage of his 18-year career in law enforcement, and how Defendants' actions prevented him from seeking other employment opportunities. [Doc 9, ¶¶ 5, 8, 77, 88, 91]

The FAC is consistent with *Monell* and other federal case law. *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978); *Quintanilla v. City of Downey*, 84 F.3d 353 (9th Cir. 1996) (Section 1983 claim against police chief); *Hopkins v. Andaya*, 29 F.3d 632 (9th Cir.

Response to Motion to Dismiss         7

The Ledbetter Law Firm, P.L.C.
1003 North Main Street
Cottonwood, Arizona 86326

1994) (recognizing possible Section 1983 claim against police chief for failure to train).

### III.    SGT. BAIZEL'S WAGE LAW VIOLATIONS CLAIM IS ADEQUATELY PLED

Count III of the FAC alleges that the Town of Camp Verde committed violations of specific provisions of the Fair Labor Standards Act (29 U.S.C. § 207) and Arizona wage laws governing overtime (A.R.S. § 23-391, A.R.S. § 23-392, A.R.S. § 23-1303).  [Doc 9, ¶¶ 122-124].  Like the other counts of the FAC, the wage law violations claim is supported by specific facts in both the FAC itself, and by affidavits from CVMO officers.  [Doc 9, ¶¶ 60-64].

For example, the Affidavit and Supplemental Affidavit of CVMO Sgt. Brandon Collins details how CVMO's policies required its officers – especially its sergeants – to work overtime without pay. This includes the fact that off-duty work calls averaged several hours a week, and that Sgt. Baizel's figures were greater because he was covering Sgt. Collins' deputies and his own deputies while Sgt. Collins was out on FMLA.  [Doc 9, Ex. A at ¶¶ 4-9, 20-23; Ex. B at ¶¶ 4-11).

The FAC then goes on to quantify Sgt. Baizel's wage claim to be the sum of at least $43,200.  [Doc 9 ¶ 95].  Rather than simply alleging a single pay period, the FAC provides not only the factual basis and evidence for unpaid overtime, it also provides a calculation of Sgt. Baizel's wage claim.  This surpasses the requirements of *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014), as amended (January 26, 2015).

Response to Motion to Dismiss                     8

The Ledbetter Law Firm, P.L.C.
1003 North Main Street
Cottonwood, Arizona 86326

## IV.    THE COURT SHOULD DENY THE MOTION TO DISMISS, OR IN THE ALTERNATIVE, GRANT LEAVE TO AMEND

"The purpose of pleading is to facilitate a proper disposition on the merits." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973), *citing Foman v. Davis*, 371 U.S. 178 (1962).  Here, Defendants' Motion to Dismiss seeks to avoid proper disposition on the merits based on a selective and incomplete reading of the First Amended Complaint.

Contrary to Defendants' allegations, Sgt. Baizel's claims are well-plead, and contain over seventy separate fact paragraphs.  Critically, the allegations of the First Amended Complaint are also supported by five affidavits or declarations from CVMO officers, supporting Sgt. Baizel's claims. Under Rule 10(c), those affidavits are considered part of the First Amended Complaint itself.  Dismissal is inappropriate, as the affidavits of other CVMO officers would likely even prevent entry of summary judgment under Rule 56, much less a Rule 12 dismissal.

The Court should deny the Motion to Dismiss, or in the alternative, grant Baizel leave to amend to add even more detailed facts supporting his claims in accordance with Rule 15's strong policy of allowing leave to amend.

RESPECTFULLY SUBMITTED this 31st day of May 2022.

THE LEDBETTER LAW FIRM, PLC

/s/ Mark A. Hanson
James E. Ledbetter
Mark A. Hanson
Attorneys for Plaintiff

Response to Motion to Dismiss                    9

The Ledbetter Law Firm, P.L.C.
1003 North Main Street
Cottonwood, Arizona 86326

**ORIGINAL of the foregoing efiled this**
**31st day of May 2022:**

Clerk Office
ECF System
US District Court


**COPY of the foregoing mailed this**
**31st day of May 2022 to:**

Dominic L, Verstegen, Attorney
Stephen B. Coleman, Attorney
Pierce Coleman, PLLC
7730 E. Greenway Rd., Ste. 105
Scottsdale, AZ 85260


Bethany Arnold

Response to Motion to Dismiss                    10