Aaron D. Arnson (State Bar #031322)
Dominic L. Verstegen (State Bar #022308)
**PIERCE COLEMAN PLLC**
7730 E. Greenway Rd., Ste. 105
Scottsdale, AZ 85260
Tel. (602) 772-5506
Fax (877) 772-1025
Aaron@PierceColeman.com
Dominic@PierceColeman.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Baizel, | Case No:  3:22-cv-08058-PCT-SPL |
| Plaintiff, | |
| v. | **REPLY IN SUPPORT OF** |
| Town of Camp Verde, et al., | **MOTION TO DISMISS** |
| Defendants. | |

Plaintiff's belated Response (Doc. 17) to the Motion to Dismiss does little to rescue the First Amended Complaint (the "FAC") from a judgment of dismissal.[1] At bottom, Plaintiff's argument is that because the FAC includes many facts, he has necessarily satisfied the *Twombly/Iqbal* pleading standard. Indeed, four of the Response's nine pages are devoted to listing just how much purported information the FAC includes: according to Plaintiff, seventy paragraphs of factual allegations, ninety-five paragraphs of factual and jurisdictional allegations, and five affidavits.

Mere quantity of allegations does not, however, determine whether a claim will survive dismissal. The facts must be sufficiently detailed to raise the right to relief above a speculative level.  Plaintiff has failed to meet this burden.

---

[1] Plaintiff's deadline to respond to Defendants' Motion to Dismiss was May 27, yet he filed his Response on May 31 without seeking an extension from the Court.

1

First, as to Counts I and V, which advance various theories for violations of constitutional rights, the Response is, like the FAC, bereft of any facts that show how the Town is liable for municipal liability – *i.e.*, what policy, custom, or practice was established and how the Town's officers had authority to establish such practice, or facts that demonstrate negligent hiring or failure to train as a basis for liability.

Second, as to Count III, Plaintiff failed to plead an essential element of his overtime claim in that he has not alleged facts demonstrating that there was at least one workweek in which he worked more than forty hours and was not paid overtime wages. Under binding Ninth Circuit precedent, Plaintiff's wage claims should be dismissed.

Third, the Response fails entirely to address the Town's arguments for dismissing Plaintiff's claims of violation of due process rights; violation of the Fifth Amendment right against self-incrimination; Count II, which includes state constitutional claims and Peace Officer Bill of Rights claims; and Count IV, which includes libel and slander claims. Nor does the Response dispute that the claims against the official capacity defendants must be dismissed as duplicative. Thus, Plaintiff has conceded the Town's arguments, and the Court should view Plaintiff's non-responsiveness as consenting to dismissal on these issues.

## I. COUNTS I AND V SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS PLED NO FACTS THAT PLAUSIBLY ESTABLISH MUNICIPAL LIABILITY.

As relevant to this case, to establish municipal liability, a plaintiff must prove either that the alleged unconstitutional act was committed or ratified by an official with final policymaking authority, or that the municipality showed deliberate indifference to federally protected rights through failure to train or inadequate hiring. *See Christie v. Iopa*, 176 F.3d 1231, 1235-40 (9th Cir. 1999). The Town's Motion explained why Plaintiff fails to plausibly establish municipal liability. *See* Doc. 15, at pp. 3-7. Specifically, the Motion explains that Plaintiff has not pled anything that shows that Town Marshal Corey Rawley was *in fact* a final policymaker, and that Plaintiff has not

pled facts that show deliberate indifference to the need for training; that a lack of training caused the alleged constitutional harm; or that a pattern of similar constitutional violations occurred. *See id.*

The Response offers no reason for the Court to decline to dismiss Plaintiff's claims. Regarding final policymaking authority, Plaintiff's circular argument is that he has adequately demonstrated Marshal Rawley is a final policymaker because Plaintiff alleges that Marshal Rawley is a final policymaker. Doc. 17, at p. 6. These are precisely the kind of conclusory allegations that fail to satisfy Rule 8 and that this Court has previously found to be insufficient to survive dismissal in the Section 1983 context. *See* discussion in Doc. 15, at pp. 3-4. Likewise, the Town has already addressed Plaintiff's argument that because Marshal Rawley participated in the investigation, reviewed the report, and made the termination decision, he is a final policymaker. *See id.*

Put simply, Plaintiff improperly conflates the discretion to make investigation and personnel related decisions with final policymaking authority.  As the Supreme Court has recognized, there is a critical distinction between the two: "The fact that a particular official—even a policy-making official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on the exercise of that discretion."  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986).

The Supreme Court elaborated on this concept in *City of St. Louis v. Praprotnik*:

> [A] municipality is not liable merely because the official who inflicted the constitutional injury had the final authority to act on its behalf; rather, ... the official in question must possess "final authority to establish municipal policy with respect to the [challenged] action." . . .  By way of illustration, we explained that if, in a given county, the Board of County Commissioners established county employment policy and delegated to the County Sheriff alone the discretion to hire and fire employees, the county itself would not be liable if the Sheriff exercised this authority in an unconstitutional manner, because "the decision to act unlawfully would not be a decision of the Board."

485 U.S. 112, 139–40 (1988) (internal citations omitted).  Here, Plaintiff's *Monell* claim is flawed because he has failed to plead facts showing that Marshal Rawley had the

authority to establish *policy*, as opposed to mere discretion to make decisions. *See, e.g., Gillette v. Delmore*, 979 F.2d 1342, 1350 (9th Cir. 1992) (holding that Fire Chief's discretionary authority to terminate employees could not create municipal liability because personnel policies were established by City Manager and City Council).[2]

Regarding negligent hiring/failure to train, the Response offers no counterpoint to the Town's argument that Plaintiff has failed to show deliberate indifference to the need for training and that a lack of training caused the alleged constitutional harm. Plaintiff does not explain what about the training was allegedly lacking or how the lack of training, whatever it was, caused his alleged harm. He also does not identify a single alleged instance of prior conduct that would show negligent hiring for purposes of establishing municipal liability. Instead, Plaintiff cites to two cases, *City of Canton v. Harris*, 489 U.S. 378 (1989), and *J.K.J. v. Polk County*, 960 F.3d 367 (7th Cir. 2020), that stand for the proposition that a pattern of similar constitutional violations is not always necessary to establish municipal liability for negligent hiring or failure to train.

The Town agrees with this proposition. As the Town notes in its Motion, a pattern of similar constitutional violations by untrained employees is but "ordinarily necessary" to establish deliberate indifference for purposes of failure to train. Doc. 15, at p. 6.

---

[2] Plaintiff has also failed to state a viable *Monell* claim under the theory of ratification. As the Ninth Circuit has explained, it is not enough for a Plaintiff to show that a policymaker acquiesced to a subordinate's decision. Instead, "[ratification] requires that an official policymaker make a deliberate choice from among various alternatives to follow a particular course of action." *Gillette*, 979 F.2d at 1348. "Likewise, [Section 1983] requires that a policymaker approve a subordinate's decision and the basis for it before the policymaker will be deemed to have ratified the subordinate's discretionary decision." *Id*. (emphasis in original); *see also Spina v. Maricopa County Dept. of Transp.*, No. CV-05-0712-PHX-SMM, 2010 WL 2671452, at *6 (D. Ariz. July 2, 2010) ("Plaintiff must provide factual support for her contention that a final policymaker at MCDOT ratified the unconstitutional action of a subordinate. Ratification requires that the final policymaker has knowledge of a subordinate's unconstitutional action. Furthermore, there must be evidence that the final policymaker approved of the action and the basis for it. The evidence must specifically show that the policymaker made a 'conscious, affirmative choice' to ratify the conduct in question.") (internal citations omitted). Plaintiff has not pled any facts that can plausibly satisfy this burden.

Plaintiff seems not to understand the Town's point. The Town is not arguing that Plaintiff necessarily must allege prior violations to survive dismissal. Rather, the Town is arguing that Plaintiff has not alleged any facts, whether including prior violations or not, that show the Town's deliberate indifference to Plaintiff's constitutional rights for purposes of failure to train. Nothing in *City of Canton* or *Polk County* aids Plaintiff in establishing those facts, and these claims should be dismissed as a result.

**II.  COUNT III SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS NOT IDENTIFIED A WORKWEEK IN WHICH HE WORKED OVER FORTY HOURS AND FOR WHICH HE WAS NOT PAID.**

In *Landers v. Quality Communications, Inc.*, the Ninth Circuit held, as a matter of first impression, that to survive a motion to dismiss, a plaintiff asserting an FLSA overtime claim must allege that he or she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek. *See* discussion in Doc. 15, at pp. 12-13. In that case, the plaintiff made numerous allegations about how the defendant's compensation system resulted in him not being paid overtime, that the defendant improperly calculated overtime, and that the defendant falsified overtime records. 771 F.3d 638, 645-46 (9th Cir. 2014). Fatally, however, the plaintiff omitted any facts "showing that there was *a given week* in which he was entitled to but denied minimum wages or overtime wages." *Id.* at 645 (emphasis added). Because the complaint lacked an essential element of the claim – *i.e.*, "any detail regarding a given workweek when [the plaintiff] worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages" – the Ninth Circuit affirmed dismissal of the complaint. *Id.*

*Landers* is indistinguishable from this case. Here, Plaintiff points to some affidavits and allegations that CVMO employees and sergeants were required to work "off duty," including "taking lengthy phone calls from deputies while off-duty, along with handling routine items like traveling in to unlock the evidence refrigerator for deputies," and were not paid overtime as a result. Doc. 17, at p. 8. Missing, however, is the very factual allegation the absence of that led to dismissal of the overtime claim in

*Landers*: any mention of "a given week" in which he worked over forty hours but was not paid overtime for that given week. Plaintiff acknowledges that he failed to mention even one such "single pay period," *see id*., but nevertheless insists that these factual details, including a calculation of overtime allegedly owed, are enough to satisfy Rule 8's pleading standard. They are simply not enough. One would imagine that, if Plaintiff can calculate overtime pay allegedly owed with such precision, he could comply with the Ninth Circuit's clearly articulated standard, but he has not done so. Because Plaintiff has failed to plead an essential element of his wage claim, Count III should be dismissed.

## III.    PLAINTIFF HAS WAIVED SEVERAL ISSUES BY FAILING TO RESPOND TO THE TOWN'S ARGUMENTS.

The Response fails entirely to address the following arguments in the Town's Motion:

- The Due Process claim fails because there is no right to procedural due process in an investigation, *see* Doc. 15, at pp. 7-8;

- The Fifth Amendment claim fails because Plaintiff does not and cannot allege that he was forced to incriminate himself, *see id.*, at pp. 8-9;

- Count II fails because the state constitutional claims are analyzed the same as the equivalent federal claims and because the Peace Officer Bill of Rights provides no private right of action, *see id.*, at pp. 9-11;

- Count IV fails because the allegations regarding libel and slander are impermissibly vague, *see id.*, at pp. 13-14; and

- The claims against the official capacity defendants must be dismissed as duplicative, *see id.*, at pp. 16-17.

As a result, Plaintiff has waived these issues, and his claims and/or causes of action should be dismissed. *See Green v. Ariz. Bd. of Regents*, CV-18-04665-PHX-SPL, 2020 WL 2512759, at *4 (D. Ariz. May 15, 2020) ("Failure to respond to an argument set forth in a motion to dismiss constitutes waiver of the issue by the party opposing the motion and is an adequate basis for granting the motion to dismiss.") (citations omitted).

## IV.    THE COURT SHOULD NOT GRANT LEAVE TO AMEND.

Plaintiff argues that the FAC contains sufficient facts to satisfy the Rule 8 pleading standard and avoid dismissal, but that if it does not, he should be given leave to amend. Doc. 17, at p. 9. As the Town argued in its Motion, leave to amend should be denied. Plaintiff has had multiple opportunities to adequately plead his claims, and he has failed to do so. The Court should dismiss the FAC with prejudice and end this litigation.

For these reasons and for the reasons set forth in the Motion, the Court should dismiss the FAC in its entirety and with prejudice.

RESPECTFULLY SUBMITTED this 7th day of June 2022.

**PIERCE COLEMAN PLLC**

By /s/ Aaron D. Arnson
     Aaron D. Arnson
     Dominic L. Verstegen
     7730 E. Greenway Rd., Suite 105
     Scottsdale, Arizona 85260
     *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 7, 2022, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing, causing a copy to be electronically transmitted to the following ECF registrants:

James E. Ledbetter
Mark A. Hanson
The Ledbetter Law Firm
1003 North Main Street
Cottonwood, Arizona 86362
*Attorneys for Plaintiff*

By:  /s/Mary Walker

4869-6587-2675, v. 1

7